976 F.2d 748
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Michael J. VAGEDES.
 No. 91-1462.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1992.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael J. Vagedes appeals the January 30, 1991 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board), as supplemented by a reconsideration decision, which affirmed the rejection of claims 1-6 in Patent Application Serial No. 06/670,592, filed November 13, 1984, entitled "Bracket for Mounting a Fixture on Siding." We reverse the board's decision.
 
 DISCUSSION
 
 2
 Vagedes' application for a patent describes a bracket to be mounted on the siding of a building so as to permit a fixture, such as a light fixture, to be mounted on a vertical surface. The board sustained the rejection of claims 1-6 of the application under 35 U.S.C. § 102(b) as being anticipated by White. In discussing claim 1, the only claim at issue, the board held as follows:
 
 
 3
 The claims are drafted as open-ended claims in the use of the word "including" to list the elements of each claim and do not preclude ribs on an otherwise planar back face. Stated differently, the apparatus of White includes a main panel having a planar back face and raised ribs on the planar back face and, accordingly, corresponds to the literal language of the claims.
 
 
 4
 Vagedes' basic contention is that the claims in his application recite a structure having a main panel with a planar back face, and that the claims are not anticipated by the White reference because the back face of the panel of White is not planar due to the presence of ribs thereon.
 
 
 5
 The board appears to treat the "planar back face" limitation of the claims as an element to which other elements can be added because the claim language is "open ended." Moreover, the board concluded that the White panel had a planar back surface with raised ribs added thereon, and that it therefore anticipated the claim.
 
 
 6
 We are convinced that the "planar back face" limitation is not itself an element but a limitation to the "main panel" element. See Corning Glass Works v. Sumitomo Elec. U.S.A., 868 F.2d 1251, 1259 (Fed.Cir.1989). Even though an open ended claim may permit additional elements, these additional elements cannot result in the modification of an explicit limitation of the claims. In this case, if raised ribs were added to the back surface of the "main panel" referred to in the claims, it would no longer have a planar face. In that event the "planar back face" limitation would be changed.
 
 
 7
 The board's error may have led it to a mistaken conclusion as to the White panel. In effect, the board visualized White as having a planar back surface underlaying the raised ribs and determined that this imaginary planar surface anticipated claim 1. The teaching of White, however, is a non-planar surface caused by the raised ribs.
 
 
 8
 We conclude that the "planar back face" limitation of the claim is not met by White and that White cannot be an anticipatory reference.